UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:11-MC-381-KSF

MISTY LYNN WESLEY                                                                           PLAINTIFF

vs.                         **OPINION AND ORDER**

AMERICAN REGISTRY OF
RADIOLOGIC TECHNOLOGISTS                                      DEFENDANT

\* \* \* \* \* \* \* \*

        This matter is before the Court on appeal from Magistrate Judge Robert E. Wier's denial of certification on the ground that Plaintiff's claims are frivolous.

**I.     BACKGROUND**

        On February 14, 2007, Judge Joseph M. Hood entered General Order 07-6 finding that Misty Lynn Wesley had a "documented history of filing abusive litigation in this Court" and permanently barring and enjoining her from filing any new civil action without first obtaining a certification from the Magistrate Judge that the claims asserted are not frivolous. [DE1]. Wesley tendered the present action on November 30, 2011. After reviewing the claims asserted and construing them liberally, Magistrate Judge Robert E. Wier held that the allegations under the Fair Credit Reporting Act, Fair Debt Collection Practices Act, Fair Credit Billing Act, Racketeer Influenced and Corrupt Organizations Act, and Civil Rights Act were frivolous and without factual or legal support. He found that the first three allegations, which all related to the Defendant failing to follow its regulations, may have an arguable basis in either law or fact. [DE 7, pp. 5-6]. However, Wesley failed to show any proper basis for federal court jurisdiction. *Id.* at 6-7. Accordingly, Magistrate Judge Wier did not certify the claim but said the Court "would consider a supplemental filing from Wesley showing a non-frivolous jurisdictional basis." *Id.* at 7.

        Wesley did not submit a filing showing a non-frivolous jurisdictional basis. Instead, she filed a timely motion to proceed under Rule 72(b) and presented an unverified dialog full of hearsay that

she claims "proves the alleged conspiracy in the Plaintiff's complaint." [DE 11, p. 2]. No objections were made to any of the findings or conclusions in the Magistrate Judge's Order.

## II.  ANALYSIS

The time for filing any objections to Magistrate Judge Wier's findings or conclusions in his Order has passed. Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal. *See Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, having examined the record and having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's Order.

## III.  CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

1. The Magistrate Judge's Order denying certification [DE 7] is **ADOPTED** and **INCORPORATED** by reference;

2. The Plaintiff's Motion [DE 3] is **DENIED** and **DISMISSED WITH PREJUDICE**; and

3. Judgment will be entered contemporaneously with this Opinion and Order in favor of Defendant.

This February 6, 2012.



Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**

2